**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262
pwaterkotte@rllaz.com
zkotzambasis@rllaz.com

Patricia V. Waterkotte
State Bar No. 029231
Zoey Kotzambasis
State Bar No. 034607

*Attorneys for Defendants Arizona Board of Regents, Todd Altenbernd, M.D., and Conrad Clemens, M.D.*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Brenna Bullock, M.D.,<br><br>        Plaintiff,<br><br>vs.<br><br>Arizona Board of Regents, the funding body for the University of Arizona, a constitutionally created body; Todd Altenbernd, M.D., individually; Jonathan Holmes, M.D., individually; and Conrad Clemens, M.D., individually,<br><br>        Defendants. | NO. 4:24-cv-00520-SHR<br><br>**MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER**<br><br>**Oral Argument and Hearing Pursuant to Fed. R. Civ. 65(b)(4) Requested**<br><br>(Assigned to Hon. Scott H. Rash) |

Defendants Arizona Board of Regents ("ABOR"), Todd Altenbernd, M.D., and Conrad Clemens, M.D.,[1] move to dissolve the Court's November 5, 2024 Temporary Restraining Order (Doc. 13) ("TRO") and request a hearing pursuant to Federal Rule of Civil Procedure 65(b)(4). This Motion is by no means intended to be a substitute for Defendants' Response to Plaintiff's Application For Temporary Restraining Order and Preliminary Injunction. Defendants will show cause in writing why a preliminary injunction should not issue. Defendants also request a two-week extension due to two of the three individual Defendants being out of the country and unavailable, and are filing a Motion for Extension contemporaneously with this motion.

## I.  Introduction

Defendants respectfully submit the TRO should be dissolved immediately because it is impossible for the University of Arizona ("UA") and its College of Medicine – Tucson ("College of Medicine") to immediately reinstate Plaintiff in the Ophthalmology Residency Program (the "Program"). Plaintiff's Application did not advise this Court of two critical reasons that make it impossible for the UA College of Medicine to comply with the TRO. First, to participate in the Program, Plaintiff must also be re-hired as an employee of Banner-University Medical Group ("Banner"). Only Banner can re-hire Plaintiff as an employee. Plaintiff inexplicably did not include Banner in her Application for a TRO and did not name Banner as a defendant in this action and, therefore, Banner is not subject to the TRO. Second, Plaintiff no longer has a license to practice medicine in Arizona. She cannot be readmitted or reinstated to the Program without a license and it is uncertain whether the Arizona Medical

---

[1] As of the filing of this Motion, undersigned is still in the process of finalizing representation of Jonathan Holmes, M.D.

Board would grant her a new license and, if it did, that process could take several weeks at minimum. Therefore, compliance is impossible.

## II.  Relevant Procedural Background on TRO

Plaintiff filed her Complaint (Doc. 1) and "Application for Temporary Restraining Order and Preliminary Injunction (With Notice) and Application for Order to Show Cause Regarding Issuance of an Injunction" (Doc. 2) ("Application") on October 24, 2024. On October 29, Plaintiff served ABOR but not the three named individuals (Todd Altenbernd, M.D., Jonathan Holmes, M.D., and Conrad Clemens, M.D.). (Doc. 10.)

On November 4, undersigned counsel notified Plaintiff's counsel by telephone and email that they had been retained on behalf of the Defendants and could coordinate acceptance of service. Ex. 1.

On November 5, Plaintiff's counsel called to discuss the logistics of the UA's immediate compliance with a TRO. Undersigned requested that Plaintiff provide a copy of the TRO. In response to this request, Plaintiff's counsel emailed a copy of it at 4:41 p.m. *Id.*

On November 6, undersigned notified Plaintiff's counsel of the issues raised herein which make immediate compliance with the TRO impossible. *Id.*

## III.  The TRO Must be Dissolved Because Compliance Is Impossible

Rule 65(b)(4) provides that on two days' notice—or on shorter notice set by the Court—Defendants may move to dissolve the TRO, and the Court "must then hear and decide the motion as promptly as justice requires." Therefore, Defendants move to dissolve the TRO and request a hearing on this matter as promptly as possible.

The UA College of Medicine's Designated Institutional Official, Conrad Clemens, M.D., has explored whether Plaintiff can be immediately reinstated as ordered in the TRO. For reasons discussed in more detail below, it is impossible for Plaintiff to be immediately

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

reinstated, so compliance with the TRO is impossible. *See United States v. Rylander,* 460 U.S. 752, 757 (1983) ("While the court is bound by the enforcement order, it will not be blind to evidence that compliance is now factually impossible."); *FTC v. Affordable Media,* 179 F.3d 1228, 1239 (9th Cir. 1999) ("A party's inability to comply with a judicial order constitutes a defense to a charge of civil contempt"); *In re Marciano*, 1:11-BK-10426-VK, 2013 WL 180057, at *2 (C.D. Cal. Jan. 17, 2013) ("A party is excused from complying with a court order if compliance is impossible; in other words, impossibility is a defense to civil contempt."). And as explained by Judge Hixson of the Northern District of California:

> It's an order, so you have to comply with it. If you learn new information that makes it seem like it will be difficult or impossible for you to comply with the order, then you should move to modify the order with reasonable diligence, explaining why the order has become difficult or impossible for you to comply with.

*Cook v. Meta Platforms, Inc.*, 22-CV-02485-AMO (TSH), 2024 WL 4133811, at *1 (N.D. Cal. Sept. 9, 2024).

Because Defendants are obligated to comply with the TRO, but it is factually impossible for them to do so, Defendants move to dissolve it and explain herein why compliance is impossible and to avoid any allegations of noncompliance or contempt.

### A. Defendants Cannot Immediately Reinstate Plaintiff Because Banner Terminated Plaintiff, So Banner Must First Re-Hire Her.

It is impossible for the UA College of Medicine to reinstate Plaintiff into the Program because participation in and completion of the Program require Plaintiff to be employed by Banner. Like all Program residents, Plaintiff entered into the Graduate Medical Education Resident/Fellow Employment Agreement (the "Employment Agreement") with Banner. *See* Ex. 2, Declaration of Conrad Clemens, M.D. ("Decl. Clemens") ¶¶ 7–8. The Employment

Agreement refers to the UA College of Medicine's House Staff Manual and requires Plaintiff to participate in the Program and to satisfactorily meet the qualifications and requirements of the Program, the Accreditation Council for Graduate Medical Education, and other accrediting agencies. *See* Decl. Clemens, Ex. E ¶¶ 3.1.5, 3.1.6. Thus, Banner may terminate the Employment Agreement immediately upon the termination of the resident's participation in the Program. *Id.* ¶ 5.3.

Plaintiff's Employment Agreement with Banner terminated after Plaintiff was dismissed from the Program. Decl. Clemens ¶ 6.

Banner is an independent entity, separate from the UA and the UA College of Medicine, or any named Defendant in this action. Decl. Clemens ¶ 9. Banner makes its own independent decisions about terminating residents from employment in Banner hospitals. *Id.* ¶ 10. Banner has previously initiated the termination of a resident's employment contract before the resident was recommended for dismissal by the UA College of Medicine. *Id.* Although Banner and the UA College of Medicine have an agreement to provide residents with training and clinical practice opportunities to complete their residency program requirements by participating in clinical rotations in Banner hospitals, the two entities are distinct. In other words, neither the UA College of Medicine nor any of the named Defendants can compel Banner to re-hire Plaintiff.

Without an employment contract with Banner, Plaintiff cannot participate in the required clinical rotations at Banner. *See* Decl. Clemens ¶ 12. Banner is UA's exclusive academic partner, and participation in clinical rotations (which requires employment with Banner) is required to participate in and complete the Program requirements. Dr. Clemens has looked into how, if at all, that requirement can be bypassed to readmit Plaintiff immediately and it is simply impossible because, contrary to what Plaintiff may suggest about

doing clinical rotations at other non-Banner clinics, it is factually impossible for her to complete the required rotations by only participating in non-Banner clinical rotations. Clemens Decl. ¶¶ 6, 7, 16. Plaintiff cannot participate in any clinical rotations—at Banner or other affiliate sites—without Banner re-hiring her and Defendants cannot compel Banner to re-hire her.

B. <u>Defendants Cannot Immediately Reinstate Plaintiff Because She Is Not Licensed to Practice Medicine, So the Arizona Medical Board Must First Grant Her A New License.</u>

Plaintiff is not licensed to practice medicine in Arizona. Her Postgraduate Training Permit that was issued by the Arizona Medical Board expired on June 30, 2024 and she does not have any independent Arizona medical license. *See* Decl. Clemens ¶ 14.

The Arizona Medical Board is an Arizona state government agency over which Defendants have no authority or control. *See id.* ¶ 15; *see also* A.R.S. § 32-1402(A) (establishing Arizona Medical Board). Therefore, Defendants cannot compel the Arizona Medical Board to grant Plaintiff's a new Postgraduate Training Permit.

All residents, including Plaintiff, "are required to maintain an Arizona Post Graduate Training Permit or Independent Arizona License for the duration of their Training Program." *See* Decl. Clemens ¶ 6 , Ex. D at 8. Therefore, without a medical license, Plaintiff cannot be reinstated in the Program. *See* Decl. Clemens ¶ 16.

Because Plaintiff has no license, Defendants have no authority or ability to unilaterally license Plaintiff, and a license is necessary to practice medicine and for admission into the Program (and to secure employment at Banner because the Employment Agreement requires Plaintiff to be in the Program), it is impossible for Defendants to comply with the TRO.

/ / /

63533077.9                                6

### C. Even if Defendants Could Unilaterally Reinstate Plaintiff (They Cannot), It Could Not Be Done Immediately

Assuming for the sake of argument that Banner is later joined by Plaintiff as a party to this action and could be compelled to re-hire Plaintiff, Banner's hiring process (like all hiring processes at large institutions) takes time. Similarly, obtaining a new medical license for Plaintiff takes time. As any licensed professional knows, the governmental processes that grant professional licenses often take weeks (at best), if not months, to complete.

The TRO orders that Plaintiff shall be "immediately reinstated" but even if Defendants could unilaterally reinstate her (they cannot), it could not be done immediately, so compliance is impossible.

### IV. Conclusion

Based on the foregoing, Defendants cannot possibly immediately reinstate Plaintiff to the Program as required by the TRO. Admission to the Program requires (1) an employment contract with Banner and (2) a medical license. Defendants have no authority or control over the independent entities that make those decisions and therefore cannot compel them to do anything. Plaintiff knows this, as she is acquainted with the Employment Agreement with Banner (she attached a prior version of her contract to her Complaint at Doc. 1-1) and the licensing requirements of the Program. Yet Plaintiff omitted these critical facts and sought a quick order to compel Defendants to do what she knows they have no authority or ability to do. Therefore, the TRO should be immediately dissolved. As explained above, Defendants request a hearing on this matter as promptly as possible.

/ / /

Defendants submit proposed orders herewith.

DATED this 7th day of November, 2024.

                                                        RUSING LOPEZ & LIZARDI, P.L.L.C.

                                                       /s/ Patricia V. Waterkotte
                                                            Patricia V. Waterkotte
                                                            Zoey Kotzambasis
                                                            *Attorneys for Defendants*

Original of the foregoing e-filed with
AZTurboCourt.gov this November 7, 2024.

Copies of the foregoing emailed
this November 7, 2024 to:

Michelle L. Hogan
mlh@jaburgwilk.com
crv@jaburgwilk.com
Corrinne R. Viola
Jaburg & Wilk, P.C.
1850 N. Central Avenue
Suite 1200
Phoenix, AZ 85004
*Attorneys for Plaintiff*


  By    */s/ Sharon Waller*
63533077.1

63533077.9                                            8