**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenna Bullock,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Arizona Board of Regents, et al.,<br><br>　　　　　Defendants. | No. CV-24-00520-TUC-SHR<br><br>**Order Denying Plaintiff's Motion for Reconsideration** |

Pending before the Court is Plaintiff's Motion for Reconsideration (Docs. 63, 64) of the Court's January 23, 2025 Order (Doc. 53) granting Defendant Arizona Board of Regents' (ABOR's) Motion to Dismiss Plaintiff's Injunctive Relief Claims (Doc. 23) and denying Plaintiff's Application for Preliminary Injunction (Doc. 2). For the reasons stated below, the Court will deny Plaintiff's Motion.

**I.　　BACKGROUND**

In its January 23, 2025 Order, the Court granted ABOR's motion to dismiss with prejudice Plaintiff's claims for injunctive relief on both res judicata and *Younger* abstention grounds and denied her application for preliminary injunction. (Doc. 53 at 13.) The next day, Plaintiff filed a Notice of Interlocutory Appeal in the Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 1292(a)(1). (Doc. 54.) On February 26, Plaintiff filed the instant Motion for Reconsideration pursuant to Local Rule of Civil Procedure 7.2(g). (Docs. 63, 64.)

## II. LEGAL STANDARD

Although the Court has discretion to reconsider a prior order, *see Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994), reconsideration is disfavored and "appropriate only in rare circumstances," *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Motions for reconsideration are "not the place for parties to make new arguments not raised in their original briefs," nor should such motions "be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003). Under Local Rule of Civil Procedure 7.2(g)(1), a motion for reconsideration should ordinarily be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." *See also Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (holding that granting a motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"). Motions for reconsideration may not "repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order" and must specify "[a]ny new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier." LRCiv 7.2(g)(1). "Mere disagreement with a previous order is an insufficient basis for reconsideration." *Adame v. City of Surprise*, No. CV-17-03200-PHX-GMS, 2018 WL 3496955, at *1 (D. Ariz. July 20, 2018) (cleaned up) (citation omitted).

## III. DISCUSSION

Plaintiff asks the Court to vacate its January 23, 2025 Order and schedule an evidentiary hearing to resolve her application for injunctive relief, asserting: (1) dismissal of her claims was "procedurally improper" because ABOR moved to dismiss Plaintiff's original Complaint, not her First Amended Complaint; (2) her claim for relief under Title IX is not barred by res judicata and the Court "cannot give preclusive effect to ABOR's dismissal decision based upon an incomplete administrative record"; (3) the *Younger*

abstention doctrine is inapplicable because "there is no parallel state court proceeding in which the State of Arizona could plausibly have a compelling state interest" and Plaintiff "could not have pursued her federal claims for injunctive relief in the ARA Appeal"; and (4) the Court "cannot deny" her application for injunctive relief "without first making findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a)(2)." (Doc. 64 at 1–2, 4.)

Plaintiff does not address the effect of her Notice of Appeal (Doc. 54) on this Court's jurisdiction to rule on her Motion for Reconsideration. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (explaining the filing of a notice of appeal generally acts to deprive a district court of jurisdiction over the subject of the appeal). Notably, Plaintiff filed a Notice of Appeal of this Court's January 23, 2025 Order before moving for reconsideration of the same Order. Under 28 U.S.C. § 1292(a)(1), federal appellate courts have jurisdiction over appeals from interlocutory orders denying injunctive relief. As such, this Court's Order denying Plaintiff's claims for injunctive relief was immediately appealable, and the Court is divested of jurisdiction to rule on Plaintiff's Motion for Reconsideration of that Order.

Even if the Court had jurisdiction to rule on Plaintiff's Motion, the Motion is untimely. Rule 7.2(g), the only basis Plaintiff cites in support of her Motion, provides that "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g)(2). Plaintiff filed her Motion for Reconsideration over a month after this Court issued its Order, and she does not even attempt to show good cause for this delay. Moreover, even if Plaintiff's Motion were timely, she fails to establish the Court's Order was manifestly erroneous or explain why any of the grounds raised in her Motion could not have been raised earlier.

. . . .

. . . .

. . . .

### IV. CONCLUSION

**IT IS ORDERED** Plaintiff's Motion for Reconsideration (Docs. 63, 64) is **DENIED.**

Dated this 15th day of April, 2025.

Honorable Scott H. Rash
United States District Judge